# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2013

Lyle W. Cayce
Clerk

No. 12-20207
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY SMITH, also known as Thomas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-85-8

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommy Smith appeals the 87-month, within-guidelines sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute a controlled substance, namely, five kilograms or more of cocaine and 1,000 kilograms or more of marijuana. As he did in the district court, Smith argues that the drug quantity attributed to him was erroneous, that he should have been granted a reduction in his offense level based on his minor or minimal role in the offense, and that the sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews sentences for reasonableness, applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts." *See id.* at 51. The "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks, ellipsis, and citation omitted). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

Smith did not provide rebuttal evidence to demonstrate that the information contained in the presentence report (PSR) was inaccurate or materially untrue. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007). His mere objections to the PSR "do not suffice as competent rebuttal evidence." *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Accordingly, Smith has not demonstrated that the district court clearly erred by holding him accountable for 40 kilograms of cocaine. *See Cisneros–Gutierrez*, 517 F.3d at 764. Moreover, Smith's participation was essential, and not merely peripheral, to the advancement of the offense, *see United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005), and was "coextensive with the conduct for which he was held accountable." *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Thus, the district court did not clearly err in denying Smith a mitigating role adjustment. *See Villanueva*, 408 F.3d at 203 & n.9.

As for the substantive reasonableness of the sentence, "a sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). A defendant who wishes to rebut the presumption must establish that the district court failed to account for a sentencing factor

that should have been accorded significant weight, gave significant weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Smith's reliance on *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), in support of his claim that his within-guidelines sentence is unreasonable is misplaced. *Kimbrough* does not require courts to discard the presumption of reasonableness for sentences imposed under Guidelines that are not empirically grounded. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). As nothing in *Kimbrough* or in this court's precedents requires a district court to consider the empirical basis for the applicable Guidelines, and nothing requires the lower court to reject the guidelines calculations if there is no empirical basis, Smith has not established that the district court abused its discretion in electing to consider the Guidelines in imposing his sentence. *See Gall*, 552 U.S. at 51. Smith's argument that the district court failed to give adequate weight to the fact that his criminal activity was an aberration does not show an abuse of discretion on the district court's part in balancing the 18 U.S.C. § 3553(a) factors; instead, it amounts to a mere disagreement with the weight the district court gave to the various sentencing factors and thus is insufficient to warrant reversal. *See Gall*, 552 U.S. at 51; *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010). Accordingly, Smith has not shown that the district court abused its discretion by imposing a within-guidelines sentence.

AFFIRMED.